| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:11-CR-127 (10) |
| | § | |
| TERRANCE BOOKER | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Terrance Booker's ("Booker") *pro se* Motion for Home Confinement/Compassionate Release (#1015) and Motion to Appoint Counsel (#1016), which the court construes as a request for reconsideration, wherein he asks the court to reassess its November 4, 2020, Order (#1005) denying his initial motion for compassionate release and motion for appointment of counsel (#s 993, 1004). United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of Booker's motion. Having considered the pending motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.   Compassionate Release

In his present motion, Booker does not present any new bases for relief, assert any novel legal arguments, raise any substantial factual or legal issues warranting relief, or show that he is receiving inadequate health care at the federal correctional institution where he is housed.

When a defendant moves for compassionate release he must establish three criteria. *United States v. Shkambi*, ___ F.3d ___, No. 20-40543, 2021 WL 1291609, at * 3 (5th Cir. Apr. 7, 2021). First, he must meet one of two conditions listed in § 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or the defendant is at least 70 years of age, has served at least 30 years in

prison, and meets the additional requirements of 18 U.S.C. § 3582(c)(1)(A)(ii). *Id*. at *2. Second, the defendant "must show that compassionate release is consistent with the applicable policy statements from the [United States Sentencing Commission ("Commission")]." *Id*. at *3. Third, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors."[1] *Id*.

In his initial motion for compassionate release, Booker, age 43, asserted that extraordinary and compelling reasons for his release existed due to his medical condition. In its Memorandum and Order, dated November 4, 2020 (#1005), the court considered Booker's medical condition—specifically, his hypertension—and determined that his medical status did not constitute an extraordinary and compelling circumstance warranting his early release from prison. The United States Court of Appeals for the Fifth Circuit subsequently held in *Shkambi* that when a defendant files a motion for compassionate release on his own behalf, the Sentencing Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the BOP. *Id*. at *4. Nevertheless, while recognizing that they are not binding, the court finds that the Commission's policy statement contained in § 1B1.13 and the commentary thereto inform its analysis as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release. *See United States v. Thompson*,

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guideline ("U.S.S.G.") provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13).

Upon reconsideration, the court again finds that Booker's medical condition does not suffice, as it is not terminal, does not substantially diminish his ability to provide self-care in the institutional setting, or otherwise present extraordinary and compelling reasons justifying compassionate release. *See Thompson*, 984 F.3d 431 at 433. The court acknowledges that Booker's underlying medical condition, hypertension, according to the Centers for Disease Control and Prevention ("CDC") website, can make him more likely to become severely ill should he contract COVID-19; nonetheless, such a commonplace affliction does not make Booker's case "extraordinary." *See id*. at 434 (noting that neither hypertension nor high cholesterol made the defendant's case "extraordinary" because "nearly half of the adult population in the United States suffers from hypertension" and "roughly 12% of Americans suffer from high cholesterol"); *United States v. Durham*, No. 3:18-cr-251-MOC-DCK-1, 2020 WL 5577884, at *2 (W.D.N.C. Sept. 17, 2020) (finding the fact that the defendant has hypertension, a condition that may increase his risk for severe illness from COVID-19, without more, does not present an "extraordinary and compelling reason" for compassionate release); *United States v. Wilson*, No. 2:18cr132, 2020 WL 4901714, at *5 (W.D. Wash. Aug. 20, 2020) (rejecting the notion that inmate's hypertension claim was sufficient to justify early termination of sentence). Thus, the court finds that Booker's

medical condition fails to meet the extraordinary and compelling standard necessary for compassionate release.

In the instant motion, the sole basis Booker presents for compassionate release is the presence of COVID-19 at Terre Haute Federal Correctional Institution, located in Terre Haute, Indiana ("FCI Terre Haute"), the facility where he is housed. Nevertheless, as of April 26, 2021, the figures available at www.bop.gov list 0 inmates (out of a total inmate population of 1,157) and 1 staff member at FCI Terre Haute, as having confirmed positive cases of COVID-19, 408 inmates and 126 staff members who have recovered, and 4 inmates who succumbed to the disease. Indeed, Probation's updated report reveals that Booker contracted COVID-19 late last year and had recovered from the virus by December 14, 2020. Yet, Booker failed to mention this highly salient fact in his "emergency" motion dated January 13, 2021. Thus, it appears that the facility where Booker is housed is handling the outbreak appropriately and providing adequate medical care.

Although Booker expresses legitimate concerns regarding COVID-19, he does not establish that the BOP cannot manage the outbreak within his correctional facility or that the facility is specifically unable to treat Booker, if he were to contract the virus once again and develop COVID-19 symptoms, while incarcerated. *See Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Banks*, No. CR 15-0080-02, 2020 WL 6839267, at *4 (W.D. La. Nov. 20, 2020) ("This Court cannot equate the generalized fear of COVID-19 to an extraordinary and

4

compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement."); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." (quoting *United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020))); *United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"). Furthermore, contracting the virus while incarcerated, even in conjunction with preexisting health conditions, is insufficient to establish exceptional and compelling circumstances warranting compassionate release. *See United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *2 (N.D. Tex. July 30, 2020) (finding that defendant had failed to present extraordinary and compelling reasons for compassionate release despite suffering from previous underlying health conditions and testing positive for COVID-19). Therefore, Booker has failed to establish that the presence of COVID-19 in the facility where he is housed constitutes an extraordinary and compelling reason to reduce his sentence to time served and release him from confinement.

Notably, courts have repeatedly denied COVID-19-based motions for compassionate release filed by inmates who, like Booker, have already contracted and recovered from the virus. *See*, *e.g.*, *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020) (affirming denial of compassionate release for a defendant with preexisting conditions who had already contracted

COVID); *United States v. Marley*, No. 16-CR-374 (VEC), 2020 WL 7768406, at *2 (S.D.N.Y. Dec. 30, 2020) (quoting *United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release.")); *United States v. Stockman*, No. H-17-116-2, 2020 WL 5269756, at *3 (S.D. Tex. Aug. 26, 2020) (noting that when an inmate is infected and recovers from COVID-19, the courts have found the risks of infection or severe symptoms or effects because of underlying conditions change and diminish); *United States v. Baker*, No. CR 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) ("Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus."); *United States v. Shrout*, No. 15-CR-438, 2020 WL 3483703, at *4 (D. Or. June 26, 2020) ("[Defendant] has already contracted COVID-19 and, crucially, the BOP has properly managed the disease.").

Moreover, the BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 145,491 doses of the vaccine. According to www.bop.gov, Terre Haute Federal Correctional Complex—which includes FCI Terre Haute, where Booker is housed, as well as Terre Haute United States Prison—has fully inoculated 840 inmates and 270 staff members.

According to Probation, however, Booker refused the Pfizer vaccine on March 1, 2021. Courts have denied compassionate release where, as here, the inmate has refused the COVID-19 vaccine. *See United States v. King*, No. 16-CR-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination[, Defendant] declined the opportunity to reduce his risk [of] exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by

declining vaccination will be rewarded with a sentence reduction." (quoting *United States v. Lohmeier*, No. 12-CR-1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021))); *United States v. McBride*, No. 519CR00007KDBDCK1, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."). Similarly, Booker cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated.

Therefore, Booker has failed to establish that extraordinary and compelling reasons exist to reduce his sentence to time served and release him from prison.

## II.     Appointment of Counsel

Furthermore, in Booker's motion to reconsider the court's denial of his request for the appointment of counsel, he provides no reason to appoint him counsel now when he presents no new bases for relief. Indeed, he has no need for counsel, as he already contracted COVID-19 and recovered from it, refused to be vaccinated to preclude further recurrence of the disease, and a consideration of the applicable factors set forth in 18 U.S.C. § 3553(a) dictate against his early release from prison. Accordingly, Booker's motion for reconsideration of the court's denial of his request for appointment of counsel is without merit.

## III.    Conclusion

Consistent with the foregoing analysis, Booker's *pro se* Motion for Compassionate Release (#1015) and Motion to Appoint Counsel (#1016) are DENIED.

SIGNED at Beaumont, Texas, this 26th day of April, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE